JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

08 CV 00552

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| MELISSA D. FORBES | A.G. EDWARDS & SONS, INC., WACHOVIA SECURITIES, LLC, WACHOVIA CORPORATION, AND DOUGLAS L. PEARL |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| RUDNICK, ADDONIZIO & PAPPA<br>25 Village Court, Hazlet, NJ 07730  (732) 264-4400 | JAN 22 2008 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Sexual harassment and discrimination in violation of NY Humans Rights Law; Assault; Declaratory judgment

Has this or a similar case been previously filed in SDNY at any time? No [X]  Yes? [ ]  Judge Previously Assigned

If yes, was this case Vol. [ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)      NATURE OF SUIT

ACTIONS UNDER STATUTES

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**TORTS**

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [X] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [X] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [X] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 246 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $_____  OTHER _____  JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES  [ ] NO

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)  ORIGIN

[x] 1 Original Proceeding
[ ] 2a. Removed from State Court
[ ] 2b. Removed from State Court AND at least one party is a pro se litigant
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)  BASIS OF JURISDICTION  IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)

[x] 1 U.S. PLAINTIFF
[ ] 2 U.S. DEFENDANT
[ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
[x] 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [x]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [x]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Melissa D. Forbes
536 East 79th Street
Apt. 6D
New York, NY 10021

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

A.G. Edwards & Sons, Inc., One North Jefferson, St. Louis, MO 63103
Douglas J. Pearl, 4 Edson Road, Natick, MA 01760
Wachovia Securities, LLC, 901 East Byrd Street, Richmond, VA 23219
Wachovia Corp., 301 South College Street, Suite 4000, One Wachovia Center, Charlotte NC 28288

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:  THIS ACTION SHOULD BE ASSIGNED TO:  [ ] WHITE PLAINS  [x] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE: 1/22/08
SIGNATURE OF ATTORNEY OF RECORD
RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. Jan  Yr. 2000 )
Attorney Bar Code # 557295

Magistrate Judge is to be designated by the Clerk of the Court.
Magistrate Judge  MAG. FRANCIS  is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

JUDGE GRIESA

RUDNICK, ADDONIZIO & PAPPA
A Professional Corporation
25 Village Court
Hazlet, New Jersey 07730
(732) 264-4400    File No. L-9536-CZ
Attorneys for Plaintiff



08 CV 00552

| | |
|---|---|
| MELISSA D. FORBES,<br><br>Plaintiff,<br><br>v.<br><br>A.G. EDWARDS & SONS, INC., WACHOVIA SECURITIES, LLC, WACHOVIA CORPORATION, and DOUGLAS L. PEARL,<br><br>Defendants | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>Civil Action No.<br><br>RECEIVED JAN 22 2008 U.S.D.C. S.D.N.Y. CASHIERS<br><br>COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

Plaintiff, Melissa D. Forbes (hereinafter referred to as "Forbes") an individual presently residing in the City of New York, County of New York, and State of New York, by way of Complaint against the defendants A.G. Edwards & Sons, Inc. (hereinafter referred to as "A.G. Edwards"), Wachovia Securities, LLC (hereinafter referred to as "Wachovia), Wachovia Corporation (hereinafter referred to a "Wachovia Corp."), Douglas L. Pearl (hereinafter referred to as "Pearl"), herein says as follows:

## JURISDICTION

1.    Jurisdiction of the Court is invoked under the provisions of 28 USC § 1332, federal diversity jurisdiction.  The court has supplemental jurisdiction over plaintiff's State law claims pursuant to 28 USC § 1367(a).

## THE PARTIES

2.    Plaintiff Forbes is a female who began her employment with A.G. Edwards in September 2004, in a temporary capacity.  She was ultimately hired on a full-time basis on

October 12, 2004, in the title of Financial Associate. She ultimately became a Registered Financial Associate in the beginning of 2006. She was employed in A.G. Edwards Manhattan office located at 280 Park Avenue, New York, New York. During her tenure of employment with A.G. Edwards, Forbes discharged all duties assigned to her competently and enjoyed an excellent reputation with regard to the quality of her work and with regard to her conscientious devotion to her job.

3. Defendant A.G. Edwards is a national securities brokerage firm with its corporate headquarters in the State of Missouri, which has been in existence in some form since at least 1887. Presently, A.G. Edwards employs in excess of 7,000 financial consultants and has approximately 700 offices nationwide and in Europe. Recently, A.G. Edwards has become a division of defendant Wachovia, which is headquartered in the State of Virginia, which is a subsidiary of defendant Wachovia Corp., which is headquartered in the State of North Carolina. At all times relevant hereto, plaintiff was employed by A.G. Edwards.

4. Defendant Pearl is a resident of the State of Massachusetts. At all times relevant hereto, Pearl was an employee of A.G. Edwards, was a member of A.G. Edwards upper management in the position of Institutional Sales Manager, and was otherwise in charge of institutional equity sales for A.G. Edwards. He worked in A.G. Edwards Manhattan offices.

**FACTUAL BACKGROUND**

5. Forbes began her employment with A.G. Edwards as a Financial Associate on October 12, 2004. She thereafter obtained her Series 7 in November 2005 and her Series 66 in the beginning of 2006, and accordingly, her official job title became Registered Financial Associates. As part of her application process with A.G. Edwards, plaintiff was forced to sign a Financial Associate Agreement, which contained a mandatory arbitration clause. Thereafter,

2

prior to becoming registered with the New York Stock Exchange ("NYSE") and National Association of Security Dealers (NASD), plaintiff was compelled to sign a Uniform Application for Securities Industry Registration (Form U-4). Plaintiff had no choice about whether to sign the Form U-4 if she wished to be registered and work in the industry; she was required to sign the Form U-4 without exception. Form U-4 requires mandatory arbitration of employment discrimination claims.

6. In or about July 2006, defendant Pearl began his employment with A.G. Edwards in the position of Institutional Sales Manager, and accordingly, was a member of upper management of A.G. Edwards.

7. As part of Forbes' job duties and responsibilities with A.G. Edwards, plaintiff attended a Retail Conference in Miami, Florida, which occurred from January 21 – 23, 2007. Pearl, as well as multiple other members of management, other employees and clients of A.G. Edwards also attended the aforementioned Retail Conference. After attending the Conference presentations during the second day of the conference, January 22, 2007, a group of A.G. Edwards' employees attended a group dinner and continued to socialize after dinner at a different establishment. From that point forward during the evening of January 22, 2007, and into the early morning hours of January 23, 2007, defendant Pearl engaged in a course of sexually harassing and otherwise discriminatory conduct towards Forbes, which included the use of profane language, sexually inappropriate language, the use of obscenities, and physically abusive and/or sexually assaultive conduct.

8. Defendant Pearl also spoke openly of his powerful status at A.G. Edwards and openly spoke of his upset with the brokers who Forbes worked under, as well as his ability to

hire and fire anyone that he desired. By way of example, although not an exhaustive list, some of Pearl's comments to this effect are as follows:

(a) Pearl openly expressed that he was upset with brokers that Forbes worked under;

(b) Pearl stated that he felt the entire sales team did not take him seriously;

(c) Pearl stated that the institutional sales brokers that Forbes worked for "should fear him", that "they didn't know who they were dealing with" and that "things were going to change in a big way;"

(d) Pearl stated that "no one is safe" and stated that he was "cleaning up" as it referred to the job security of said brokers.

9. Simultaneous to the comments being made in the preceding paragraph, Pearl stated that he needed an assistant in his office and that he wanted Forbes to come work for him as his assistant. He asked how much she was paid and told her that if she came to work for him, he would triple her salary. He further told her that he was plaintiff's bosses' boss, and that he could take their assistant if he wanted to.

10. In addition, simultaneous to the comments made above and in the course of the same conversation, defendant Pearl spoke of his divorce from his ex-wife and asked Forbes if she was good at interior decorating and asked if she could help him decorate his apartment and house. Pearl made further statements towards Forbes including, but not limited to, to the following:

(a) While ogling Forbes, Pearl stated to plaintiff that he wished that they didn't work together;

4

(b) Pearl continuously suggested that they go out by the hotel pool and look at the stars together, and refused plaintiff's request to allow a fellow female employee to come with them;

(c) Pearl admitted to plaintiff that earlier in the evening, a fellow employee and broker by the name of Gordon Lai, had told Pearl that he should "back off of plaintiff," and in that context asked plaintiff if she could believe that Mr. Lai would say such a thing to him since he could have him fired;

(d) Pearl stated to plaintiff that he felt they had great chemistry and that from the moment he saw her, he knew they were good for each other.

11. Ultimately, in the early morning hours of January 23, 2007, Pearl subjected plaintiff to inappropriate and unwelcome physical advances, including kissing plaintiff over her objection.

12. Thereafter, Pearl insisted that plaintiff accompany him to his hotel room, to which the plaintiff objected. Pearl fraudulently lured plaintiff to his hotel room by telling plaintiff that he wanted to speak to her about work-related matters, including the Retail Conference and that nothing inappropriate would take place.

13. Immediately upon entering the hotel room, Pearl physically attacked the plaintiff, attempting to kiss her, to which plaintiff pulled away and excused herself from the room to the bathroom in an attempt to compose herself.

14. She exited the bathroom to find Pearl completely undressed, at which time he physically grabbed plaintiff, forced his hand up plaintiff's skirt, grabbed her breasts while saying that they should "pretend for one night that we don't work together." Forbes objected and continued to physically pull away, at which time Pearl grabbed plaintiff's hand and placed it on

his naked genital area and used explicitly profane and vulgar language toward her. Plaintiff physically pushed herself away, yelled "stop," and fled Pearl's hotel room.

15. At all times relevant hereto, the inappropriate, abusive and assaultive behavior, as aforesaid, was unwelcome and objected to by plaintiff Forbes.

16. Upon returning to work from the Retail Conference, Pearl engaged in a continued course of harassing conduct consisting of e-mails and phone calls in an attempt to get plaintiff to speak with him, and when he did speak with her, he continued with inappropriate language towards Forbes.

17. Upon information and belief, Pearl has engaged in sexually harassing, discriminating, and/or other inappropriate conduct towards other female employees at A.G. Edwards predating this conduct towards the plaintiff herein.

18. The conduct of Pearl not only intimidated plaintiff by placing her in fear of her job security, his conduct also suggested that he would reward her if she were to consent to his advances. Said conduct was humiliating, intimidating and demeaning, and otherwise created a hostile and offensive work environment.

19. Ultimately, based upon all of the conduct as set forth above, plaintiff was forced to resign from her position of employment with A.G. Edwards in August 2007.

20. A.G. Edwards' management directed, encouraged, and participated in the above-described unlawful conduct. Further, A.G. Edwards allowed the discrimination and retaliation to exist so as to amount to a policy or practice of A.G. Edwards.

21. The mandatory arbitration provisions of plaintiff's Financial Associate Agreement, as well as her Form U-4, are against public policy, serve no public function, provide

no public benefit, are contracts of adhesion, and are unenforceable under the law. Further, there was no consideration for the requirement of plaintiff to execute said Agreements.

## COUNT I

### DECLARATORY JUDGMENT

### MANDATORY ARBITRATION OF DISCRIMINATION CLAIMS DEPRIVES PLAINTIFF OF HER DUE PROCESS OF LAW

22. Plaintiff realleges paragraphs 1 – 21 and incorporates them by reference as paragraphs 1-21 of Count I of this Complaint.

23. The Fifth Amended to the United States Constitution, applicable to actions of the Federal government, guarantees due process of law to the plaintiff.

24. The system of mandating arbitration of employment discrimination claims constitutes action of the Federal government because of:

(a) the plenary regulation of the exchanges by the Federal Securities Acts;

(b) the extensive delegation of regulatory power by the SEC to the exchanges as self-regulatory organizations;

(c) the encouragement given by the SEC to the exchanges to require employees in the securities industry to arbitrate their employment disputes with their employers;

(d) the permission granted by the SEC to the exchanges to modify their rules and regulations to require arbitration of all employment disputes;

(e) the approval given by the SEC to the specific arbitration procedure utilized by the exchanges;

(f) the exercise of the judicial power by arbitrators in hearing and deciding statutory and common law disputes in the Securities Industry, which power has traditionally been an exclusive function of federal and state courts;

(g) the action of the courts in enforcing contracts of adhesion by compelling arbitration of employment disputes in the Securities Industry against the will of Securities Industry employees; and

(h) the action of the courts in confirming arbitration awards in employment disputes where the dispute was arbitrated against the will of Securities Industry employees.

25. Compelling mandatory arbitration in the present case would be unconstitutional because it would deprive plaintiff of her rights to a jury trial under the Seventh Amendment and under the 1991 Civil Rights Act.

26. Requiring employees to waive their constitutional and statutory rights to a jury trial as a condition of employment imposes an unconstitutional condition on employment, in violation of the due process guarantees of the Fifth Amendment to the United States Constitution, and violates the 1991 Civil Rights Act.

27. Compelling mandatory arbitration in the present action would be unconstitutional because it would deprive plaintiff of her rights to adjudicate their claims before an Article III court under the Constitution and the 1991 Civil Rights Act.

28. Requiring employees to agree to waive their constitutional rights to have their claims adjudicated by an Article III court as a condition of employment imposes an

unconstitutional condition on employment, in violation of the due process guarantees of the Fifth Amendment and violates the 1991 Civil Rights Act.

29. Compelling mandatory arbitration in the present action would be unconstitutional because the procedures employed in arbitrations under the rules of the NYSE, NASD and FINRA, as described above, would deprive plaintiff of her rights to due process under the Fifth Amendment, including, but not limited to, their rights to have the civil rights and employment laws enforced as written.

30. Requiring employees to agree to waive their constitutional rights to due process, including, but not limited to, their rights to have the civil rights and employment laws enforced as written, as a condition of employment imposes an unconstitutional condition on employment, in violation of the due process guarantees of the Fifth Amendment.

31. Compelling mandatory arbitration in the present case would be unlawful because the arbitration procedures employed by the NYSE, NASD and FINRA operate as a de facto forfeiture of statutorily-mandated rights or benefits afforded by Federal and State employment laws, including, but not limited to, the right to a jury trial, the right to punitive damages, and the right to attorneys' fees, in violation of the due process guarantees of the Fifth Amendment.

32. Requiring employees to agree to forfeit their important statutorily-mandated rights or benefits afforded by Federal and State employment laws, including, but not limited to, the right to a jury trial, punitive damages, and attorneys' fees, as a condition of employment imposes an unconstitutional condition on employment, in violation of the due process guarantees of the Fifth Amendment.

33. Plaintiff was deprived of her rights to substantive and procedural due process of law.

*WHEREFORE,* plaintiff Forbes demands judgment against defendants as follows:

(a)  Declaration that the practice of A.G. Edwards requiring employees in the securities industries to arbitrate employment disputes involving employment discrimination as a condition of employment and as a condition of registering with the NYSE and NASD is unconstitutional under the Fifth Amendment of the U.S. Constitution, and that plaintiff's cause of action is not subject to mandatory arbitration to the mandatory arbitration rules of NYSE, NASD, FINRA, or any other equivalent Arbitration forum;

(b)  Punitive damages;

(c)  Attorney's fees and costs of suit; and

(d)  Such other and further relief as this Court deems just and proper.

## COUNT II

### VOIDANCE OR RESCISSION OF FORM U-4 ARBITRATION CLAUSE UNDER CONTRACT LAW AND EQUITABLE THEORIES

34.  Plaintiff Forbes realleges paragraphs 1 - 33 and incorporates them by reference as paragraphs 1 – 33 of Count II of this Complaint.

35.  Plaintiff Forbes signed a Form U-4 which contained a mandatory arbitration clause. Plaintiff seeks to have the Court declare null and void the arbitration clause in the Form U-4 based upon the following legal theories:

(a)  Plaintiff Forbes did not knowingly and intelligently submit to arbitration;

(b) Assuming arguendo that she understood what arbitration meant and that by signing the Form U-4 that she was agreeing to arbitrate discrimination

10

claims between her and her employer, plaintiff was not aware of the certain facts which render the NASD and NYSE not suitable to arbitrate claims involving A.G. Edwards. Had plaintiff known of the following facts, she would not have consented to arbitrate her claims before the NYSE or NASD:

    (i) Upon information and belief, defendant A.G. Edwards sits on the Board of Governors of the NASD;

    (ii) Upon information and belief, defendant A.G. Edwards is a voting member of the NYSE; and

    (iii) Upon information and belief, defendant A.G. Edwards provides substantial revenues to the NASD and NYSE.

(c) The arbitration clause in Form U-4 is unenforceable for lack of consideration.

(d) Assuming arguendo that plaintiff knowingly waived her rights and that the Form U-4 is supported by adequate consideration, A.G. Edwards, through its conduct, materially breached an implied covenant of good faith and fair dealing implicit in the employment relationship of plaintiff Forbes and is equitably estopped from seeking enforcement of the pre-dispute arbitration clause.

(e) A.G. Edwards breached an implied covenant of good faith and fair dealing through its conduct as alleged herein and rendered the Form U-4 null and void or unenforceable by A.G. Edwards.

(f) The Form U-4 is otherwise void as against public policy and is a contract of adhesion and is unconscionable.

36. Based upon the factual circumstances and for the legal reasons alleged herein, justice requires this Court to find that the contract signed by plaintiff is void and/or unenforceable by A. G. Edwards under contract law.

37. Alternative, justice demands that plaintiff be allowed to rescind the arbitration clause of the Form U-4 under equitable principles.

**WHEREFORE,** plaintiff Forbes demands judgment against defendants as follows:

(a) Declaration that the Form U-4 executed by plaintiff is null and void or unenforceable by any of the defendants or that equity requires rescission of the arbitration clauses in the Form U-4;

(b) Punitive damages;

(c) Attorney's fees and costs of suit; and

(d) Such other and further relief as this Court deems just and proper.

## COUNT III

### SEXUAL DISCRIMINATION AND SEXUAL HARASSMENT IN VIOLATION OF NEW YORK HUMAN RIGHTS LAW

38. Plaintiff Forbes realleges paragraphs 1 - 37 and incorporates them by reference as paragraphs 1 – 37 of Count III of this Complaint.

39. The State of New York's Human Rights Law, New York State Executive Law Section 296 et seq. ("Human Rights Law"), makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex. The Human Rights Law also makes unlawful sexual harassment that creates an abusive and hostile work environment, such that the conditions of employment are altered. The same legal standards that apply to Title VII claims apply to claims brought under the Human Rights Law.

40.    Defendant Pearl is liable in his individual capacity under the Human Rights Law because he aided and abetted the unlawful conduct as alleged herein and because he actually participated in the conduct giving rise to the discrimination claims.

41.    Defendant Pearl is liable in his individual capacity under the Human Rights Law because he had the power to hire and fire A.G. Edwards employees and aided and abetted the discriminatory acts as alleged herein.

42.    Defendant A.G. Edwards subjected plaintiff to sexual discrimination in violation of the Human Rights Law, and is liable for the conduct of Pearl due to his managerial status within the company.

*WHEREFORE*, plaintiff Forbes demands judgment against defendants as follows:

(a)    Compensatory, general and special damages;

(b)    Punitive damages;

(c)    Attorney's fees and costs of suit; and

(d)    Such other and further relief as this Court deems just and proper.

## COUNT IV

**RETALIATION IN VIOLATION OF NEW YORK HUMAN RIGHTS LAW**

43.    Plaintiff Forbes realleges paragraphs 1 - 42 and incorporates them by reference as paragraphs 1 – 42 of Count IV of this Complaint.

44.    The Human Rights Law, specifically New York State Executive Law Section 296(e) makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employee's claim of discrimination.

45.    Plaintiff complained of sex discrimination.

46. Defendants retaliated against plaintiff Forbes for her complaints of sex discrimination. By the conduct as alleged herein, defendants A.G. Edwards and Pearl subjected plaintiff to unlawful retaliation in violation of the Human Rights Law.

**WHEREFORE**, plaintiff Forbes demands judgment against defendants as follows:

(a) Compensatory, general and special damages;

(b) Punitive damages;

(c) Attorney's fees and costs of suit; and

(d) Such other and further relief as this Court deems just and proper.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IN VIOLATION OF NEW YORK COMMON LAW

47. Plaintiff Forbes realleges paragraphs 1 - 46 and incorporates them by reference as paragraphs 1 – 46 of Count V of this Complaint.

48. New York law recognizes a cause of action for intentional infliction of emotional distress, which makes unlawful certain extreme and outrageous conduct, including sexual harassment and assaultive conduct that results in severe emotional distress and was intended or committed with a disregard or a substantial probability of causing such distress.

49. Defendants intentionally caused plaintiff severe emotional distress in violation of New York law.

50. A.G. Edwards directed, encouraged, and participated in the wrongful conduct alleged herein.

**WHEREFORE,** plaintiff Forbes demands judgment against defendants as follows:

(a) Compensatory, general and special damages;

(b) Punitive damages;

(c)    Attorney's fees and costs of suit; and

(d)    Such other and further relief as this Court deems just and proper.

## COUNT VI

### SEXUAL DISCRIMINATION AND SEXUAL HARASSMENT IN VIOLATION OF CITY ADMINISTRATIVE CODE

51.    Plaintiff Forbes realleges paragraphs 1 - 50 and incorporates them by reference as paragraphs 1 – 50 of Count VI of this Complaint.

52.    The Administrative Code of the City of New York, Section 8-107 et seq. ("Administrative Code"), makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex. The Administrative Code also makes unlawful sexual harassment that creates an abusive and hostile work environment, such that the conditions of employment are altered.

53.    Defendant Pearl is liable in his individual capacity under the Administrative Code on the ground that he aided and abetted the unlawful conduct as alleged herein and because he actually participated in the conduct giving rise to the discrimination claims.

54.    Defendant Pearl is liable in his individual capacity under the Administrative Code because he had the power to hire and fire A.G. Edwards employees and aided and abetted the discriminatory acts as alleged herein.

55.    By the conduct as alleged herein, defendants A.G. Edwards and Pearl subjected plaintiff to sexual discrimination in violation of the Administrative Code.

**WHEREFORE,** plaintiff Forbes demands judgment against defendants as follows:

(a)    Compensatory, general and special damages;

(b) Punitive damages;

(c) Attorney's fees and costs of suit; and

(d) Such other and further relief as this Court deems just and proper.

## COUNT VII

### RETALIATION IN VIOLATION OF THE ADMINISTRATIVE CODE

56. Plaintiff Forbes realleges paragraphs 1 - 55 and incorporates them by reference as paragraphs 1 – 55 of Count VII of this Complaint.

57. The Administrative Code, specifically Section 8-107(e), makes it unlawful for an employer to discriminate against any person who has opposed an unlawful employment practice or has assisted or participated in another employee's claim of discrimination.

58. Plaintiff complained of sex discrimination.

59. Pursuant to standard operating procedure, defendants retaliated against plaintiff for her complains of sex discrimination. By the conduct as alleged herein, defendants A.G. Edwards and Pearl subjected plaintiff to unlawful retaliation in violation of the Administrative Code.

*WHEREFORE*, plaintiff Forbes demands judgment against defendants as follows:

(a) Compensatory, general and special damages;

(b) Punitive damages;

(c) Attorney's fees and costs of suit; and

(d) Such other and further relief as this Court deems just and proper.

## COUNT VIII

### ASSAULT AND BATTERY
### IN VIOLATION OF NEW YORK COMMON LAW

60. Plaintiff Forbes realleges paragraphs 1 - 59 and incorporates them by reference as paragraphs 1 – 59 of Count VIII of this Complaint.

61. By his conduct as aforesaid, Pearl intentionally, negligently and/or recklessly committed assault and battery against the plaintiff.

62. As a direct and proximate result of Pearl's assault and battery, plaintiff Forbes suffered and continues to suffer severe emotional distress, pain and suffering, humiliation, and other losses.

*WHEREFORE*, plaintiff Forbes demands judgment against defendants as follows:

(a) Compensatory, general and special damages;

(b) Punitive damages;

(c) Attorney's fees and costs of suit; and

(d) Such other and further relief as this Court deems just and proper.

## COUNT IX

### PUNITIVE DAMAGES

63. Plaintiff Forbes realleges paragraphs 1 - 62 and incorporates them by reference as paragraphs 1 – 62 of Count IX of this Complaint.

64. The aforesaid actions of defendants were willful, wanton and reckless so as to permit a jury to consider the awarding of punitive damages and/or exemplary damages to the Plaintiff.

*WHEREFORE*, plaintiff Forbes demands judgment against defendants as follows:

(a)     Compensatory, general and special damages;

(b)     Punitive damages;

(c)     Attorney's fees and costs of suit; and

(d)     Such other and further relief as this Court deems just and proper.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that **MARK F. CASAZZA, ESQUIRE,** is hereby designated as trial counsel.

### JURY DEMAND

Plaintiff hereby demands a trial by a jury of six (6) jurors as to all issues raised by these pleadings.

### CERTIFICATION

I hereby certify that pursuant to R. 4:5-1(b)(2), that this matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration, nor is any action or arbitration proceeding contemplated.

RUDNICK, ADDONIZIO & PAPPA
Attorneys for the Plaintiff

By: _____
MARK F. CASAZZA

DATED: January 19, 2008