**DAVIDSON & GRANNUM, LLP**
Sandra D. Grannum (SG 6748)
30 Ramland Road, Ste 201
Orangeburg, New York 10962
Tel: (845) 365-9100
Fax: (845) 365-9190
Attorneys for Defendants,
A. G. Edwards & Sons, Inc.,
Wachovia Securities, LLC, and
Wachovia Corporation

**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Melissa D. Forbes,<br><br>            Plaintiff,<br><br>v.<br><br>A.G. Edwards & Sons, Inc.,<br>Wachovia Securities, LLC,<br>Wachovia Corporation, and<br>Douglas L. Pearl,<br><br>            Defendants. | JUDGE: Thomas P. Griesa<br><br>Civil Action No. 1:08-CV-00552-TPG<br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS A. G. EDWARDS & SONS, INC.'S, WACHOVIA SECURITIES, LLC'S AND WACHOVIA CORPORATION'S, MOTION FOR AN ORDER STAYING THE PRESENT ACTION AND COMPELLING ARBITRATION or, IN THE ALTERNATIVE, TO DISMISS THE PRESENT ACTION |

Defendants A.G. Edwards & Sons, Inc., Wachovia Securities, LLC, and Wachovia Corporation (hereinafter jointly referred to as "Edwards")[1], by and through its undersigned counsel, hereby submit this Memorandum of Law in support of the Motion for an Order Staying the present Action and Compelling Arbitration or, in the alternative, to dismiss the present Action.

As set forth below, Edwards request this relief on the grounds that Plaintiff Melissa D. Forbes ("Forbes"), a former employee of Edwards, has brought this action regarding

---

[1] After the events at issue in this Complaint Edwards became a wholly owned subsidiary of Wachovia Securities,

1

controversies arising out of her employment with Edwards, and such employment disputes are governed by the terms of multiple pre-dispute arbitration agreements, signed by Forbes, that exist between Forbes and Edwards. Pursuant to the terms of those arbitration agreements, and in accordance with the provisions of the Federal Arbitration Act ("FAA"), this matter should be stayed, and Forbes should be compelled to file an arbitration claim against Edwards. In the alternative, this matter should be dismissed because this Court lacks subject matter jurisdiction and because Forbes fails to state a claim for which relief can be granted.

## STATEMENT OF FACTS

In October 2004, Forbes applied for employment with Edwards, seeking a position as a sales assistant. The employment application she signed on October 10, 2004 contained an arbitration provision immediately above her signature. It stated (bold in original):

> **This agreement contains a pre-dispute arbitration clause immediately below. Before signing this agreement, I read and understood the following:**
>
> - **I am agreeing to arbitrate any dispute, claim or controversy that may arise between myself and Edwards, or a customer, or any other person. This means that I am giving up the right to sue in court Edwards, its subsidiaries or employees or any customer or any other person concerning matters related to or arising from my employment. This includes giving up to the right to a trial by jury.**
>
> - **A claim alleging discrimination, including a sexual harassment claim, in violation of any statute, IS REQUIRED to be arbitrated under this agreement.**
>
> - **Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.**
>
> - **The ability of the parties to obtain documents, witness statements and other discovery is generally more limited in arbitration than in court proceedings.**
>
> - **The arbitrators do not have to explain the reason(s) for their award.**

---

LLC. Wachovia Securities, LLC is owned in part indirectly by Wachovia Corporation.

- The panel of arbitrators may include arbitrators who were or are affiliated with the securities industry, or public arbitrators, as provided by the rules of the arbitration forum in which a claim is filed.

- The rules of some arbitration forums may impose time limits for bringing a claim in arbitration. In some cases, a claim that is ineligible for arbitration may be brought in court.

In consideration of Edwards undertaking the aforementioned investigation and considering my application for employment, I agree that any controversy or dispute, including, but not limited to, claims of wrongful termination, breach of contract, discrimination, harassment, retaliation, infliction of emotional distress, tortuous interference with business or contract, federal, state or local statute or ordinance and/or other theory, arising between me and Edwards shall be submitted for arbitration before the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc. If neither the New York Stock Exchange, Inc. nor the National Association of Securities Dealers accepts the controversy, dispute or claim, or any portion thereof, for arbitration before either of them, then the non-accepted controversy, dispute or claim shall be submitted for arbitration before the American Arbitration Association pursuant to its Securities Arbitration Rules effective May 1, 1993. I understand that if Edwards hires me, my employment will be subject to the policy of employment at will. Under this policy, I may resign my employment at any time, with or without cause. Edwards retains the same right with respect to the termination of my employment.

See Forbes Employment Application dated October 10, 2004 at page 4 (emphasis in original). A copy of the Employment Application is attached to the accompanying affidavit of Sandra D. Grannum (the "Grannum Aff.") as "Exhibit A".

After starting her employment with Edwards, Forbes signed other agreements which contained similar arbitration provisions. Forbes signed the Financial Associate Agreement, which states in part:

34. This agreement between you and Edwards contains a pre-dispute arbitration clause in the numbered paragraph immediately following this paragraph. You should read that paragraph now. Before signing this Agreement, you should understand the following:

- You are agreeing to arbitrate any dispute, claim or controversy that may arise between you and your firm, or a customer/client, or any other person, This means that you are giving up the right to sue in court Edwards, its

> subsidiaries or employees or any customer/client or any other person concerning matters related to or arising from your employment. This includes giving up to the right to a trial by jury.
>
> - A claim alleging discrimination, including a sexual harassment claim, in violation of any statute, **IS REQUIRED** to be arbitrated under this agreement.
>
> - Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.
>
> - The ability of the parties to obtain documents, witness statements and other discovery is generally more limited in arbitration than in court proceedings.
>
> - The arbitrators do not have to explain the reason(s) for their award.
>
> - The panel of arbitrators may include arbitrators who were or are affiliated with the securities industry, or public arbitrators, as provided by the rules of the arbitration forum in which a claim is filed.
>
> - The rules of some arbitration forums may impose time limits for bringing a claim in arbitration. In some cases, a claim that is ineligible for arbitration may be brought in court.
>
> **35.** Except as provided in paragraph 36 [dealing with injunctive relief for violations of non-solicitation provisions], you agree that any controversy or dispute, including, but not limited to, claims of wrongful termination, breach of contract, discrimination, harassment, retaliation, infliction of emotional distress, tortuous interference with business or contract, federal, state or local statute or ordinance and/or other theory, arising between you and Edwards shall be submitted for arbitration before the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc. If neither the New York Stock Exchange, Inc. nor the National Association of Securities Dealers accepts the controversy, dispute or claim, or any portion thereof, for arbitration before either of them, then the non-accepted controversy, dispute or claim shall be submitted for arbitration before the American Arbitration Association pursuant to its Securities Arbitration Rules effective May 1, 1993.

See Forbes Finanacial Associate Agreement (emphasis in original). (See Grannum Aff. "Ex. B".)

Forbes also signed a Supplementary Training Agreement for a Financial Associate. That agreement states in part:

> **3.** This agreement between you and Edwards contains a pre-dispute arbitration clause in the numbered paragraph immediately following this paragraph. You should read that paragraph now. Before signing this Agreement, you should

4

understand the following:

- You are agreeing to arbitrate any dispute, claim or controversy that may arise between you and your firm, or a customer/client, or any other person, This means that you are giving up the right to sue in court Edwards, its subsidiaries or employees or any customer/client or any other person concerning matters related to or arising from your employment. This includes giving up to the right to a trial by jury.

- A claim alleging discrimination, including a sexual harassment claim, in violation of any statute, **IS REQUIRED** to be arbitrated under this agreement.

- Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.

- The ability of the parties to obtain documents, witness statements and other discovery is generally more limited in arbitration than in court proceedings.

- The arbitrators do not have to explain the reason(s) for their award.

- The panel of arbitrators may include arbitrators who were or are affiliated with the securities industry, or public arbitrators, as provided by the rules of the arbitration forum in which a claim is filed.

- The rules of some arbitration forums may impose time limits for bringing a claim in arbitration. In some cases, a claim that is ineligible for arbitration may be brought in court.

4. You agree that any controversy or dispute, including, but not limited to, claims of wrongful termination, breach of contract, discrimination, harassment, retaliation, infliction of emotional distress, tortuous interference with business or contract, federal, state or local statute or ordinance and/or other theory, arising between you and Edwards shall be submitted for arbitration before the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc. If neither the New York Stock Exchange, Inc. nor the National Association of Securities Dealers accepts the controversy, dispute or claim, or any portion thereof, for arbitration before either of them, then the non-accepted controversy, dispute or claim shall be submitted for arbitration before the American Arbitration Association pursuant to its Securities Arbitration Rules effective May 1, 1993.

See Forbes Supplementary Training Agreement for a Finanacial Associate (emphasis in original). (See Grannum Aff. "Ex. C".).[2]

---

[2] As noted in the Complaint, Forbes also signed a Form U-4 Uniform Application for Securities Industry

5

Forbes resigned from her employment with Edwards in August 2007. A dispute relating to her employment with Edwards arose. Rather than filing her claims against Edwards in arbitration, as she was required to do pursuant to the terms of the various agreements described above and executed by Forbes, Forbes breached those agreements by filing this action before this Court.

## ARGUMENT

The FAA mandates that: (1) the terms of the Arbitration Agreements be enforced; (2) the present action against Edwards be stayed or dismissed without prejudice; and (3) Forbes be compelled to file an arbitration claim with regard to any issues relating to Edwards. In the alternative, this Court must dismiss the present action for lack of subject matter jurisdiction or because the Complaint has failed to state a cause of action for which relief may be granted by this Court.

### I. The Federal Arbitration Act Requires that the Action Against Edwards Be Stayed and Forbes be Compelled to File an Arbitration Claim

#### A. The arbitration agreements signed by Forbes are governed by the FAA.

The FAA recognizes and enforces arbitration agreements involving interstate commerce:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA established that contracts to arbitrate future controversies are

---

Registration or Transfer ("Form U-4"). Although the Form U-4 does contain a provision regarding arbitration of disputes between associated persons (such as Forbes) and member firms (such as Edwards), Edwards does not predicate its Motion upon the arbitration provisions of the Form U-4 signed by Forbes but rather upon the contracts which specify the arbitration of the very claims Forbes raises here.

6

enforceable. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991) (the FAA abrogates the common law rule disfavoring arbitration agreements) Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 111 (2001) (same).

In Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 113 (2001), the Supreme Court held that employment contracts were within the scope of "commerce" as defined in 9 U.S.C. § 1. Securities transactions (which were the subject of Forbes' employment duties as a sales assistant in the employ of Edwards) are, as a matter of law, transactions in commerce. See Wilko v. Swan, 346 U.S. 427, 430 (1953), overruled on other grounds by Rodriguez de Quijas v. Shearson/American Exp., Inc., 490 U.S. 477 (1989). Thus, the arbitration agreements signed by Forbes are governed by the FAA.

**B.     Forbes and Edwards are parties to arbitration agreements and the claims at issue are within the scope of the arbitration agreements.**

In the Second Circuit, analysis of a motion to compel and to stay proceedings pursuant to the FAA requires consideration of the following factors: (1) whether the parties agreed to arbitrate; (2) the scope of that agreement; and (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable.[3] Genesco v. T. Kakiuchi & Co., Ltd., 815 F.2d 840, 844 (2d Cir. 1987). See also Imperatore v. Putnam Lovell NBF Securities, 2006 Westlaw 648214 (S.D.N.Y. Mar. 15, 2006) citing Creative Securities Corp. v. Bear Stearns & Co., Inc., 671 F. Supp. 961, 965 (S.D.N.Y. 1997) aff'd mem. 847 F.2d 834 (2d Cir. 1988).

In this case, there can be no dispute that Forbes and Edwards agreed to arbitrate disputes. As noted above, Forbes signed at least three separate pre-dispute arbitration agreements with Edwards. Forbes concedes in her Complaint that she signed at least one arbitration agreement, but contends that she is somehow not required to arbitrate her claims against Edwards. Thus,

pursuant to Genesco, this Court must next determine whether the claims raised by Forbes are within the scope of one of more of the arbitration agreements.

The relevant language, which is virtually identical in all three agreements signed by Forbes, states that she and Edwards agreed to arbitrate:

> . . . any controversy or dispute, including, but not limited to, claims of wrongful termination, breach of contract, discrimination, harassment, retaliation, infliction of emotional distress, tortuous interference with business or contract, federal, state or local statute or ordinance and/or other theory. . .

In her Complaint, the substantive legal claims asserted by Forbes against Edwards are based upon alleged sexual harassment (Counts III and VI), retaliation (Counts IV and VII), and the intentional infliction of emotional distress (Count V).[4] (See the Complaint, Grannum Aff. "Ex. D"). Thus, as the claims raised by Forbes in her Complaint against Edwards are within the scope of the agreements and she should be compelled to bring her claims in arbitration.[5]

### C. Under the FAA, this action must be stayed pending arbitration.

If a suit is filed on a controversy arbitrable under an agreement of the type specified in 9 U.S.C. § 2, the court proceeding is required to be stayed, as provided under 9 U.S.C. § 3, on application of any party who is not in default in proceeding with arbitration. Specifically, 9 U.S.C. § 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

---

[3] Forbes did not assert any federal statutory claims in her Complaint.
[4] Forbes also raises a claim for common law assault and battery in Count VIII, but fails to plead any justification for why Edwards should be liable for the alleged criminal acts of the individual defendant.
[5] Likewise, claims of discrimination pursuant to New York law are subject to arbitration under the FAA. Fletcher v. Kidder Peabody & Co., Inc., 81 N.Y.2d 623, 634-35 (1993).

As noted previously, the agreements signed by Forbes provides for arbitration of any controversy between Forbes and Edwards. Edwards brings its Motion to Compel before engaging substantially in this litigation. In fact, this Motion is made in lieu of an Answer. Edwards therefore, is clearly not in default by failing to proceed with such arbitration. Consequently, a stay must be entered pursuant to 9 U.S.C. § 3. See e.g. Prima Paint v. Flood & Conklin, 388 U.S. 395, 405 (1967); Becker's Autoradio v. Becker Autoradiowerk, 585 F. 2d 39, 43 (3rd Cir. 1978).

The Supreme Court has long recognized and reiterated the binding nature of agreements to arbitrate under the FAA:

> The Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreements has been signed.

Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis added). The FAA establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. See Moses H. Cohen Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). In fact, the Supreme Court has upheld the binding nature of the agreements even when enforcement would result in piecemeal litigation:

> [T]he Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums. Accordingly, we reverse the decision not to compel arbitration.

Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217 (1985): see also Moses H. Cohen Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983), (affirming an order requiring enforcement of

an arbitration agreement, even though the arbitration would result in bifurcated proceedings).[6]

The affidavits and exhibits filed in support of this Motion demonstrate that Edwards is not in default in proceeding with arbitration. Because all requirements of the FAA have been met, this Court should order arbitration of Forbes's claims against Edwards and stay all further proceedings as to Edwards pending arbitration.

## II.     The attempts by Forbes to avoid the arbitration agreements are meritless.

As noted above, Forbes acknowledges in her Complaint that she signed at least one arbitration agreement with Edwards, but contends that she is not bound to arbitrate her claims because the arbitration agreements violate her constitutional rights to due process and because the arbitration agreements were obtained invalidly or are "unfair." These arguments have been uniformly and soundly rejected by courts across the country, including the United States Supreme Court, and should be rejected here as well.

As all of the relevant parties are private actors, and not state actors, Forbes' argument that her constitutional rights have been violated are simply without merit. As the Second Circuit noted in Desiderio v. National Association of Securities Dealers, Inc., 191 F.3d 198, 206 (2d Cir. 1999), the argument that mandatory arbitration clauses violate due process rights must fail because of the lack of requisite state action.[7] In Desiderio, the court held that approval of NASD rules and procedures by the SEC was insufficient to establish state action. Id. See also Gilmer v. Interstate/Johnston Lane Corp., 500 U.S. 20, 30-33 (1991) (the procedural rules for arbitration of

---

[6] Mr. Pearl as an associated person (registered with FINRA) is likewise subject to FINRA's arbitration forum jurisdiction. This jurisdiction continues after an associated person leaves the industry for a period of two years. Moreover, Pearl as an Edwards employee executed the very contract Forbes executed consequently, there need not be a bifurcation of the trial of this Action.

[7] There is even less of a basis in this action for raising such a claim. Unlike Desiderio, the motion to compel arbitration is not based upon the arbitration provision found in the Form U-4. Forbes was not "forced" by FINRA, an entity created pursuant to statute, to sign the arbitration provisions at issue; rather, the agreements are between her and Edwards.

securities industry employment discrimination claims are sufficient to protect statutory rights). Thus, Forbes' due process/constitutional objections must fail.

Forbes' arguments that the arbitration agreements she signed were obtained invalidly, or are somehow unenforceable because they are "unfair," are also without merit. In essence, Forbes claims that she would not have been hired by Edwards absent signing an arbitration agreement, and because she wanted to be employed by Edwards, but did not have the power to bargain away the provision, she should therefore not be bound by the agreements that she signed. Such an argument is specious. As noted by the Supreme Court, "[m]ere inequality in bargaining power, however, is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context." Gilmer, 500 U.S. at 33. See also Stewart v. Paul, Hastings, Janofsky & Walker, LLP, 201 F. Supp. 2d. 291, 294 (S.D.N.Y. 2002) (employment agreement containing arbitration provision enforceable despite fact that employee was obliged to agree to it as a condition of employment) and Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144 (2d Cir. 2004) (mandatory arbitration provision which binds both parties to arbitrate disputes does not benefit stronger party unreasonably).

In short, Forbes' claims that she is not bound to arbitrate should be rejected. According to the Supreme Court, the standard for determining whether a party is obliged to arbitrate is determined based upon ordinary principles of contract law. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

### III. In the alternative, the Court should dismiss the Complaint because it fails to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6)

In this action, Forbes is seeking damages for a dispute arising out of her employment with Edwards. The controversy is clearly within the scope of the arbitration agreement quoted

11

above, and the agreements provide that such disputes must be arbitrated. As such, Forbes is contractually bound to seek any relief against Edwards only from an arbitration panel, not this Court. Therefore, the Complaint must be dismissed for failing to state a cause of action for which relief can be granted pursuant to FRCP 12(b)(6).

## CONCLUSION

For the foregoing reasons, Edwards respectfully requests that this Court enter its order directing Plaintiff to arbitrate the controversies alleged in her Complaint in accordance with the terms of the agreements she signed, and to stay all proceedings in this Action pending arbitration. In the alternative, Edwards asks that the Court dismiss the Complaint without prejudice for lack of subject matter jurisdiction or for failure to state a cause of action upon which relief can be granted.

Respectfully submitted,

_____
Sandra D. Grannum (SG 6748)
Davidson & Grannum LLP
Attorneys for Defendant,
A. G. Edwards & Sons, Inc.,
Wachovia Securities, LLC, and
Wachovia Corporation

Dated: March 17, 2008