**DAVIDSON & GRANNUM, LLP**
Sandra D. Grannum (SG 6748)
30 Ramland Road, Ste 201
Orangeburg, New York 10962
Tel: (845) 365-9100
Fax: (845) 365-9190
Attorneys for Defendants,
A. G. Edwards & Sons, Inc.,
Wachovia Securities, LLC, and
Wachovia Corporation

**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELISSA D. FORBES, | |
| Plaintiff, | **JUDGE: Thomas P. Griesa** |
| v. | Civil Action No. 1:08-CV-00552-TPG |
| A.G. EDWARDS & SONS, INC., WACHOVIA SECURITIES, LLC, WACHOVIA CORPORATION AND DOUGLAS L. PEARL, | **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CORPORATE DEFENDANTS' MOTION TO COMPEL ARBITRATION** |
| Defendants. | |

**INTRODUCTION**

Plaintiff's opposition to the motion to compel arbitration, replete with bad faith, spurious arguments predicated upon overruled cases and incorrect facts, completely ignores controlling law, including the Second Circuit case of Desidero v. NASD, 191 F.3d 198 (2d Cir. 1999), cited in Defendants' prior brief and contains nothing relevant to the pending motion. Although Plaintiff's complaint alleges claims of discrimination solely under the New York State and New York City laws and codes, nowhere in Plaintiff's Opposition Papers is there any reference to the arbitrability of the actual state and local claims she alleges.

It is also well established by the United States Supreme Court, a case where import is also ignored, that agreements to arbitrate federal employment discrimination claims are enforceable. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33, (1991). As set forth below and in Movants' initial Memorandum of Law in support of this Motion, Wachovia Securities, LLC, Wachovia Corp. and A.G. Edwards & Co. (Edwards) and its successor seek to compel arbitration in accordance with the terms of multiple pre-dispute arbitration agreements signed by Plaintiff Melissa D. Forbes ("Forbes"), a former employee of Edwards.[1]

**I.**

**STATEMENT OF FACTS**

Plaintiff has set forth in her Opposition Papers a litany of strongly disputed facts. Edwards will not here engage in a debate regarding her contentions in as much as the merits of this case are appropriately resolved by the arbitration panel in accordance with the arbitration provisions agreed to by Plaintiff.[2]

As the Court is aware, in October 2004, when Forbes applied for employment with

---

[1] Plaintiff never worked for Wachovia Corp. and Wachovia Securities LLC is the successor to Edwards.
[2] We do note that plaintiff's complaint arises out of her voluntary 2a.m. visit to defendant Pearl's hotel room in Flordia, and that when she belatedly complained, Edwards discharged Mr. Pearl, who was not her supervisor, within

1

Edwards, she agreed in her employment application to arbitrate employment claims, <u>including</u> any statutory claims she might in the future believe she had against the Firm. (See Forbes Employment Application dated October 10, 2004 at page 4 (emphasis in original) attached as Exhibit "A" to the Grannum Affidavit accompanying Edwards' Moving Papers). After her employment commenced, Forbes executed addition agreements containing arbitration provisions. The arbitration provisions explicitly stated that statutory claims of discrimination, along with any other employment related claims, would be arbitrable. See Forbes Finanacial Associate Agreement (Grannum Aff. Ex. "B".); see also see Forbes' Supplementary Training Agreement for a Finanacial Associate (Grannum Aff. Ex. "C").

## II.

## ARGUMENT

### A. <u>Plaintiff's Claims Pursuant to New York State and City Law are Clearly Arbitrable</u>

Plaintiff alleges statutory discrimination claims based solely upon alleged violations of the New York Human Rights Laws and the New York City Administrative Code.[3] Plaintiff has nowhere addressed objections to the arbitration of these claims because she cannot do so. The law in New York is clear that "the enforceability of the arbitration agreement is not affected by the statutory nature of the discrimination claims." <u>DiBello v. Salkowitz</u>, 4 A.D.3d 230, 232, 772 N.Y.S.2d 663 (1st Dept. 2004) (citing <u>Fletcher v. Kidder, Peabody & Co.</u>, 81 N.Y.2d 623, 601

---

weeks of Plaintiffs complaint and five months before Plaintiff voluntarily resigned from her position.
[3] Plaintiff alleges: Count I –Request for a Declaratory Judgment that Edwards arbitration provisions are unconstitutional; Count II –Rescission of Plaintiff's U-4 agreement (the licenses agreement which Plaintiff executed in order to obtain her brokers licenses with the National Association of Securities Dealers ("NASD") (k/n/a the Financial Industry Regulatory Authority ("FINRA")); Count III – Sexual Discrimination and Harassment in violation of the New York Human Rights Laws ("N.Y. HRL"); Count IV – Retaliation in violation of N.Y. HRL; Count V – Intentional Infliction of Emotional Distress; Count VI – Sexual Discrimination and Harassment in violation of N.Y. HRL; Count VII – Retaliation in violation of N.Y. HRL; Count VIII – Assault and Battery as against Defendant Douglas Pearl; Count IX – Punitive Damages.

2

N.Y.S.2d 686, 619 N.E.2d 998 (1993), *cert. denied* 510 U.S. 993, 114 S.Ct. 554, 126 L.Ed.2d 455 (1995).

In Fletcher the court reviewed a factual situation similar to the one before this Court. There Fletcher was formerly employed as a broker with Kidder, Peabody and had executed a U-4 as part of his application for registration with the various securities exchanges. The U-4 contained an arbitration provision. Upon his termination, Fletcher commenced a judicial action alleging a violation of N.Y. HRL §296, one of the very statutes Plaintiff here alleges was violated. The former employer moved to compel arbitration. The Fletcher court found "the enforceablility of the arbitration clause contained in these plaintiffs' U-4 Form applications is govered by the FAA" and that the FAA "preempts state law on the subject of the enforceability of arbitration clauses". Id. at 631. The Fletcher court went on to re-examine the state law on this subject which pre-dated the Supreme Court of the United States decision in Gilmer. After this review the New York Appellate Court found that it was "bound to follow both the holding and the rational of the nations' highest Court on this and other questions of federal law when, as here, there is no ambiguity in the Court's position." Fletcher, 81 N.Y.2d at 630.

The Fletcher Court held that:

> …the party seeking to avoid enforcement of an arbitration clause governed by the FAA must demonstrate a congressional intent 'to preclude a waiver of a judicial forum' for disputes based on a particular statutory right… Where the right is predicated on state or local statute rather than a congressional enactment, it is undisputed by these parties that the courts are obliged to draw an analogy to the equivalent federal law, where possible, and to consider Congress's intention with regard to the rights created by that law.
>
> The closest federal analog to Executive Law § 296(1)(a), under which these plaintiffs' claims arise, is Title VII of the Civil Rights Law….Contrary to Fletcher contentions, there is noting in the legislative history of either that federal statute itself or the recently adopted amendments to that statute …. that would suggest the existence of a congressional intent to override the general rule that anticipatory contracts to arbitrate are enforceable under the FAA.

Id. at 632.  Since Fletcher, New York's highest court has applied this rational in employment cases alleging violation of Human Rights Law of New York State and New York City even in situtiatons were the FAA was not invoked.  DiBello**,** 4 A.D.3d 230, 772 N.Y.S.2d 663; Garcia v. Bellmarc Property Mgmt., 295 A.D.2d 233, 745 N.Y.S.2d 13 (1st Dept. 2002); Torres v. Four Seasons Hotel of New York, 277 A.D.2d 23, 715 N.Y.S.2d 28 (1st Dept. 2000).

This Court's holdings have been consistent with the New York State Court decisions compelling arbitration of State and City statutory discrimination claims.  Chisolm v. Kidder, Peabody Asset Management, Inc., 810 F. Supp. 479 (S.D.N.Y. 1992).  This Court has distinguished cases dealing with collective bargain agreement waivers of a judical forum. Granados v. Harvard Maintenance, Inc.**,** No. 05 Civ. 5489, 2006 WL 435731 (S.D.N.Y. 2006).  However, this is not a collective bargaining case and, consequently, that distinction is inapplicable here.

Plaintiff also seems to posit that agreements to arbitrate statutory discrimination claims are not enforceable unless the employee has an MBA.  (Plaintiff's Br., p. 5).  Her brief argues that she has an out because the arbitration provision was not explained to her by Edwards and because she would not have been given the job if she refused to sign the contract containing the provision.  These arguments have previously been rejected by this Court.  In Schuetz v. CS First Boston Corp, this Court held that:

> Under New York law, a signatory to an agreement is "bound by the terms of the [a]greement, including the arbitration provision," unless she can demonstrate "special, mitigating circumstances, such as duress or coercion." *Degaetano v. Smith Barney, Inc.,* No. 95 Civ. 1613, 1996 WL 44226, at *5 (S.D.N.Y. Feb. 5, 1996); *see also Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 33, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). To establish duress or coercion a plaintiff must show:
>
> (1) a threat, (2) which was unlawfully made, and (3) caused involuntary acceptance of contract terms, (4) because the circumstances permitted no other alternative.

4

> *Degaetano,* 1996 WL 44226, at *5 (quoting *Kamerman v. Steinberg,* 891 F.2d 424, 431 (2d. Cir.1989)). Here, plaintiff has not alleged any threat, much less an unlawful one. Thus, Schuetz has failed to demonstrate any special, mitigating circumstances and it must be presumed that she assented to every provision in the Form U-4. This presumption is further supported by the fact that the arbitration clause was directly preceded by the heading "THE APPLICANT MUST READ THE FOLLOWING VERY CAREFULLY."

No. 96 Civ. 5557, 1997 WL 452392 (S.D.N.Y. 1997). The contention that the arbitration provisions are unenforceable because the agreements were not signed by Edwards also fails. Edwards' letterhead serves to bind it to these contracts. Its signature was not required. Call-Us-Realty, Inc. v. Gangemi, 5 Misc.3d 1022(A), 799 N.Y.S.2d 159 (2004).

### B. Even if Title VII Claims Were Alleged, They Would Be Arbitrable

As discussed above, because Plaintiff's claims of discrimination solely allege N.Y. HRL and the New York City Administrative Code claims, nothing Plaintiff has argued in her opposition to Edwards' Motion to Compel Arbitration regarding Title VII is remotely responsive or relevant to the Motion before this Court.

Moreover, Plaintiff is misleading in her attempts to assert that Title VII statutory discrimination claims could not be compelled to arbitration. The anchor of Plaintiff's argument, the 1974 case of Alexander v. Gardner-Denver Co., 415 U.S. 36, (1974), was effectively overruled by the Supreme Court of the United States in 1991 in Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991). In Gilmer, the petitioner was required by his employer to register as a securities representative with, among others, the New York Stock Exchange (NYSE). His registration application contained, *inter alia,* an agreement to arbitrate as required by NYSE rules. NYSE Rule 347 provides for arbitration of 'any controversy arising out of a registered representative's employment or termination of employment'. Respondent terminated Gilmer's employment at age 62. Gilmer filed a Title VII charge with the EEOC and brought a

5

suit in District Court alleging that he had been discharged in violation of the Age Discrimination in Employment Act of 1967 (ADEA). Respondent moved to compel arbitration, relying on the agreement in Gilmer's registration application and the Federal Arbitration Act (FAA). The employee opposed arbitration of his claims, citing Alexander in support of his position that Title VII cases were not arbitrable.

The Supreme Court, in compelling arbitration, clarified any ambiguity in Alexander, holding that Title VII claims, could be compelled to arbitration. In Gilmer, cited by Edwards in its moving papers, the United Supreme Court addressed and dismissed the very arguments Plaintiff has placed before this Court in opposition to Edwards' Motion to Compel Arbitration.

Plaintiff argues that the agreements to arbitrate violate Plaintiff's due process rights and are unconscionable and unenforceable. The Supreme Court in Gilmer, however, held that statutory claims may be the subject of an arbitration agreement and are enforceable pursuant to the FAA, citing to Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985); and Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24, (1983). The Court ruled that statutory claims were arbitrable unless the legislative history of the statute explicitly precluded arbitration. Gilmer, 500 U.S. at 23-26. That is certainly not the case here, for neither the N.Y. HRL or N.Y.C. Code have any such legislative history and, as discussed in Point A, the New York State Courts have construed claims under its statutes to be arbitrable. Gilmer enforced the arbitration provision contained in the U-4 registered brokers must sign to be licensed. While Plaintiff argues that FINRA's new Rule 10201(b) requires a specific clause referencing the arbitrability of statutory claims for those claims to be arbitrable,[4]

---

[4] FINRA Rule 10201(b) provides: "A claim alleging employment discrimination, including a sexual harassment claim, in violation of a statute is not required to be arbitrated. Such a claim may be arbitrated only if the parties have agreed to arbitrate it, either before or after the dispute arose."

As noted in the Complaint, Forbes also signed a Form U-4 Uniform Application for Securities Industry Registration or Transfer ("Form U-4"). Although the Form U-4 does contain a provision regarding arbitration of disputes

Plaintiff executed contracts with such provisions in this case.

Plaintiff argues that the inadequacy of the arbitration forum regarding discovery and the completeness of the record make arbitration inappropriate for Title VII claims. To the contrary, "[b]y agreeing to arbitrate a statutory claim a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial forum." Gilmer, 500 U.S. at 26, 111 S.Ct. at 1652 (quoting Mitsubishi, 473 U.S. at 628, 105 S.Ct. at 3354). As the Supreme Court found the NYSE arbitration rules and FAA protect against bias, there is no merit in the argument that discovery under their frameworks is inadequate. Gilmer, 500 U.S. at 29-31, 111 S.Ct. at 1654-1655 (noting there was nothing to suggest the NYSE arbitration discovery provisions which, like FINRA, permit "document production, information requests, depositions and subpoenas") were insufficient. The Supreme Court has also rejected the argument that the unequal bargaining power between employers and employees was reason to hold which arbitration agreements unenforceable citing to Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 1921-1922 104 L.Ed.2d 526, 1655-1656 (1989) (mere inequality in bargaining power insufficient basis to hold that arbitration agreements are never enforceable in the employment context). See also, Desiderio v. National Ass'n of Securities Dealers, Inc., 191 F.3d 198, (2d Cir. 1999) (finding predispute agreement requiring compulsory arbitration of employment disputes enforceable as to Title VII claims).

The Second Circuit in Desiderio, also explicitly reviewed the legislative history of Title VII and found that it fostered the application of arbitration. The Court noted:

---

between associated persons (such as Forbes) and member firms (such as Edwards), Edwards has not contended that the U-4 Form alone required arbitration of Forbes statutory claims. Rather, Edwards has relied upon the additional contracts executed by Forbes which specify the arbitration of the very claims Forbes raises here.

> We conclude--as did the Third, Fourth, and Seventh Circuits--that the text of § 118 evidence a plain Congressional purpose of encouraging arbitration of Title VII claims and not one of precluding such arbitration. . . . It follows that barring the application of mandatory arbitration agreements to Title VII claims would conflict with the express statutory term "encouraged" in § 118.
>
> The <u>Desiderio</u> Court also held that:
>
> Plaintiff insists that the mandatory arbitration clause in Form U-4 unconstitutionally requires her to forfeit her Fifth Amendment right to due process, her Seventh Amendment right to a jury trial, and her right to an Article III judicial forum to assert her right to employment as a broker-dealer in the securities industry. We agree with the district court that these constitutional arguments all fail because the requisite state action is absent.

Id. at 204-206.

As to Plaintiff's misplaced reliance on the <u>Alexander</u> case, in <u>Gilmer</u> the Supreme Court explained how <u>Alexander v. Gardner-Denver Co.</u>, is distinguishable from cases like the matter at bar. <u>Alexander</u> and its progeny simply involved the issue of whether an arbitration held under a collective bargaining agreement which did not include an agreement to arbitrate statutory claims precluded subsequent court actions involving statutory claims. The enforceability of an agreement to arbitrate statutory claims was not involved. The dicta in those cases regarding concerns about the arbitration of statutory claims is not applicable in this case because <u>Gilmer</u> expressly rejected that dicta and the case before this Court does not involve collective bargaining.

Although Plaintiff also seeks to rely upon a Ninth Ciruucuit Court case, <u>Duffield v. Robertson Stephens & Co.</u>, 144 F.3d 1182, 1190 (9th Cir.) *cert. denied*, 525 U.S.982 (1998), to support her argument that Title VII claims cannot be compelled to arbitration, <u>Duffield</u> was expressly overruled by the Ninth Circuit in 2003 in <u>E.E.O.C. v. Luce, Forward, Hamilton & Scripps</u>, 345 F.3d 742 (9th Cir. 2003) (holding the Civil Rights Act of 1991 did not preclude enforcement of agreements requiring arbitration of Title VII claims as a condition of

8

employment.).  Duffield is also inconsistent with the Second Circuit decision in Desiderio, discussed *supra*.

## CONCLUSION

Forbes is contractually bound to seek any relief against Edwards regarding her claims only from an arbitration panel.  "Having made the bargain to arbitrate" a party such as Forbes, "should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial reminders for the statutory rights at issue," Gilmer, 500 U.S. at 26, 111 S.Ct. at 1652.  "[T]he burden is on [Forbes] to show that Congress intended to preclude a waiver of a judicial forum" for her claims.  Id.  This she has not done, and can not do.  Fletcher, 81 N.Y.2d at 630.  For the foregoing reasons, Edwards respectfully requests that this Court enter its order directing Plaintiff to arbitrate the controversies alleged in her Complaint against Edwards[5] in accordance with the terms of the agreements she signed, and to stay all proceedings against Edwards in this Action pending arbitration.[6]

Respectfully submitted,

　　/s/ **Sandra D. Grannum**　　
Sandra D. Grannum (SG 6748)
Davidson & Grannum LLP
Attorneys for Defendant,
A. G. Edwards & Sons, Inc.,
Wachovia Securities, LLC, and
Wachovia Corporation

---

[5] Plaintiff has not alleged any assault claim against Edwards and, consquently these claims are not addressed here.
[6] It appears that Plaintiff's brief fails to meet the requirements of Rule 11 and that sanctions may well be appropriate in this instance.

DAVIDSON & GRANNUM, LLP
Sandra D. Grannum (SG 6748)
30 Ramland Road
Orangeburg, New York 10962
Tel: (845) 365-9100
Fax: (845) 365-9190
Attorneys for Defendant,
A. G. Edwards & Sons, Inc.
Wachovia Securities, LLC., and
Wachovia Corporation

INTHE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Melissa D. Forbes,

   Plaintiff,        **JUDGE: Thomas P. Griesa**

v.

               Civil Action No. 1:08-CV-00552-TPG
A.G. Edwards & Sons, Inc.,
Wachovia Securities, LLC,      **AFFIDAVIT OF SERVICE**
Wachovia Corporation, and
Douglas L. Pearl,

   Defendants.
_____/

STATE OF NEW YORK    }
            } ss
COUNTY OF ROCKLAND  }

  Yolanda Cowans deposes and says, under penalty of perjury:

  I am over 18 years and am not a party to this litigation. I reside in the County of Sussex, State of New Jersey.

  On September 4, 2008, I served a true copy of the Reply Memorandum of Law in Further Support of Corporate Defendants' Motion to Compel Arbitration, by elecontric case filing (ECF) system upon:

Mark F. Casazza, Esq.
Rudnick, Addonizio & Pappa
25 Village Court
Hazlet, NJ 07730
(732) 264-4400
Email: markcasazza@rudnicklaw.com

Janene M. Marasciullo, Esq.
Kaufman, Schneider & Bianco, LLP
135 Crossways Park Drive
Woodbury, NY 11797
Email: jmarasciullo@kdvlaw.com

Dated: September 4, 2008
      Orangeburg, New York

                                    Yolanda Cowans

Sworn to before me this
4th day of September, 2008

Notary Public

PATRICIA LAIBLE
Notary Public, State of New York
No. 01LA6099417
Qualified in Rockland County
Commission Expires September 29, 20 11